[No. 8311.]

NAPIER V. JOHN V. FARWELL COMPANY.

1. PLEADINGS—*Construed.* The complaint alleged (2) That upon an account current between the parties, there was at a certain date, a specified balance due plaintiff, accruing between the date named, and a specified prior date. (3) That at a date intermediate to those mentioned in paragraph 2, defendant agreed in writing to pay a certain rate of interest on all bills not paid at maturity; and that defendant had paid for all goods purchased prior to the date first mentioned in paragraph (2). (4) That at a certain date between those mentioned in paragraph (2), the defendant agreed to pay interest, at a certain rate, upon all bills then or afterwards overdue, and that under this agreement there was due at a date named an

amount specified, for interest. *Held* that the second and fourth paragraphs presented a single cause of action, and that the third paragraph had no bearing upon the other averments. (321.)

2. CONTRACTS—*Construed.* In 1893 the defendant agreed in writing to pay plaintiff a specified rate of interest on all bills not paid at maturity. At a later date, upon a new consideration, plaintiff agreed verbally to pay the same rate of interest on all overdue bills for goods theretofore or thereafter sold to him. The latter agreement superseded the former. (322.)

3. EVIDENCE—*Admissibility.* A retail merchant agreed in 'writing with a jobber to pay a certain rate of interest on all bills not paid at maturity. This agreement was superseded by a later verbal agreement. In an action upon the last agreement the parties were in controversy as to the rate of interest agreed upon, plaintiff contending that it was the same rate specified in the writing, and defendant that it, was less. The writing was held inadmissible. (323.)

4. INTEREST—*Computation.* Agreement between a retail merchant and a jobber that the retailer should be allowed a discount on all bills, and in consideration thereof should pay interest on all overdue bills. *Held* that the discount should be deducted before computing interest. (324.)

*Error to Denver District Court.* Hon. GEO. W. ALLEN, Judge.

Mr. HENRY B. BABB, for plaintiff in error.

Messrs. DANA & BLOUNT, for defendant in error.

Opinion by TELLER, J.

The defendant in error brought suit against the plaintiff in error to recover a balance on an account for merchandise sold and delivered.

The complaint in the second paragraph alleges that on a running account between October 25, 1906, and December 31, 1910, there was a balance of $791.59 due the plaintiff.

In the third paragraph it is alleged that the defendant on September 14th, 1893, in writing, agreed to pay interest at seven percent per annum on all bills net paid at maturity, and "that defendant fully paid and settled all of said accounts due plaintiff for goods sold to defendant by plaintiff prior to October 25th, 1906."

In the fourth paragraph it is alleged that the parties entered into an agreement in November, 1909, by which plaintiff agreed to allow defendant full discount on bills for goods theretofore sold and thereafter to be sold to him, and in consideration thereof the defendant was to pay interest at seven per cent per annum on all overdue bills for the goods theretofore sold and thereafter to be sold to him.

It is further alleged that there was interest due under said agreement, on February 22, 1911, the date of defendant's last payment on account, to the amount $936.39, and that the discounts to which defendant was entitled amounted to $957.70 on said date.

On trial to a jury a verdict was returned in favor of the plaintiff for $770.28, and judgment was entered accordingly.

The defendant seasonably moved for an order compelling the plaintiff to elect on which one of the three causes of action in the so called "first cause of action" it would proceed, which motion was denied. That ruling is assigned as error.

The amount claimed, and recovered, consists of the balance on account set out in the second paragraph, less the amount of the excess of the discounts allowed, over the interest charged, in accordance with the agreement alleged in the fourth paragraph.

The second and fourth paragraphs together set out a cause of action. The purpose of the third paragraph is not apparent. It has no bearing upon the cause of action as alleged in the other paragraphs. It does not allege any facts constituting a cause of action, and since there is but one cause of action set out in the complaint, there was no error in overruling the motion to require plaintiff to elect.

It is also urged that the trial court erred in admitting in evidence the agreement of September 14, 1893, described in paragraph three, by which plaintiff agreed to pay interest on overdue bills.

That agreement was attached to a deposition of a witness for plaintiff, taken on written interrogatories. Defendant's counsel filed objections to interrogatories 8-10-11-12 and 13, "and the evidence sought to be adduced thereby," on the ground such evidence was immaterial, irrelevant and incompetent; and, further, because it was alleged in the complaint that full payment had been made for all goods sold prior to October 25, 1906, and that a new contract had been entered into in November, 1909. The objection was overruled, and exception taken.

Interrogatories 8 and 9 were as follows:

8. "You may state whether or not defendant, on or about September 14th, 1893, made any written financial statement to plaintiff as a basis of credit."

9. "If you have answered the last interrogatory in the affirmative, you may attach such written statement to your deposition marked as Exhibit A."

The other interrogatories covered by the objection referred to the effect of the statement and the promises therein on the extension of credit.

Defendant in error contends that the action of the court in admitting the paper in evidence can not be questioned here, because the objection did not cover interrogatory 9, and because, further, when Exhibit A was formally offered in evidence no objection was made.

The contract alleged in paragraph four to have been made in November, 1909, appears by the record to have been oral, and was clearly a new agreement which superseded the agreement of 1893. There is a conflict of evidence as to the rate of interest to be paid under this agreement, the defendant in error claiming it was seven per cent, and the plaintiff in error that it was but six per cent, and that was to be on the principal of notes which he was to send for balances due from time to time. It is evident, therefore, that the old written agreement to pay seven per cent on bal-

ances due may have had considerable weight with the jury in determining this controverted question.

The old contract, having been superseded, was not admissible, if proper objection was made to it.

The objection to the interrogatories included the evidence sought to be adduced by them, and interrogatory 8 sought to show the fact that a statement had been made in 1893 to pay interest on balances due.

Interrogatory 9 was not a question, but a direction to the deponent to attach the instrument as an exhibit, and such a direction is frequently included in a question concerning a written instrument. The question as to the materiality and relevancy of the paper was in fact determined when the objection was overruled, since there could be no ground for evidence of the existence of the instrument, in this case, unless it was to be used as evidence. The court, in overruling the objection, held that the jury should be allowed to consider the two agreements and determine their status.

This was a determination that the paper was admissible, and there was, after this ruling, no reason for the defendant's making further objection to the admission of the statement.

We are of the opinion that the assignment of error on that ruling is well taken.

It is further contended that there was an improper method adopted in ascertaining the amount due plaintiff under the agreement of November, 1909; in that the interest was computed on overdue bills before the discount was allowed.

From the testimony of McCarthy, book-keeper for defendant in error, it appears that the amount due was thus computed.

Counsel for defendant in error insist that it is immaterial whether the interest be computed on the face of the bills, and the discount deducted from the amount, or the

discount be deducted before the interest is computed. This clearly is not the case. Discount is an abatement from the face of the account, and the remainder is the actual purchase price of the goods charged in the account. A purchaser entitled to discounts never owes the face of the bills.

To compute the interest on the account before discount is to charge interest on a part of the account which it has been agreed the purchaser is not to pay,. and hence never owed. His debt is the net of the bills after the agreed discount has been deducted, and upon that alone is he to be charged interest under the agreement in question.

For this error in the method of determining the balance due plaintiff, if anything was due, and the further error in admitting in evidence Exhibit A, the judgment is reversed.

CHIEF JUSTICE GABBERT and Mr. JUSTICE HILL concur.